KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Steven.Skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>AYUB YUSUF EPRAHIN,<br>DBA AFRICA & MIDDLE<br>EASTERN MARKET,<br><br>    Defendant. | No.<br><br>COUNT 1-15:<br>WIRE FRAUD<br> Vio. of 18 U.S.C. § 1343 and 2<br><br>COUNT 16-25:<br>SNAP BENEFIT FRAUD<br> Vio. of 7 U.S.C. § 2024 (b)<br><br>CRIMINAL FORFEITURE<br>ALLEGATION 1:<br> 21 U.S.C. § 853(p), 18 U.S.C.<br>§  2461(c) |

I N D I C T M E N T

The Grand Jury charges that:

GENERAL ALLEGATIONS

At all times material to this Indictment:

A.  Background

The Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the "Food Stamp Program," is a federally-funded assistance program administered by the United States Department of Agriculture's ("USDA") Food and Nutritional Service ("FNS"). The program is designed to provide authorized nutritional foods to low-income families. The federal government pays the full cost of the SNAP benefits and also shares with the states some of the administrative costs associated with the program.

Under the SNAP program, authorized recipients are issued a certain amount of benefits each month, which they may use to purchase eligible food items. SNAP recipients typically receive their benefits in the form of a credit on their personal electronic benefit transfer ("EBT") card. SNAP benefits may not be used to purchase items other than food, and they cannot be redeemed for cash. See 7 C.F.R. § 278.2(a).

The FNS authorizes certain grocery retail stores to accept SNAP EBT cards from authorized recipients for eligible food items. The SNAP EBT card system is a computer-based system through which the SNAP benefit

2

authorization is received from a central computer through the point-of-sale terminal located at each individual retailer. In order for a recipient to access his/her benefits to purchase eligible food items, s/he must first present his/her EBT card to a FNS-licensed retailer. The retailer/teller then swipes the EBT card through the store's point-of-sale terminal, which records the EBT card number, date, time, and amount of the transaction. The recipient then enters his/her Personal Identification Number (PIN) in order to execute a transaction.

The State of Alaska EBT card system, known as "QUEST," is operated under contract with JPMorgan Chase Bank ("JPMorgan"). Under this contract, when a SNAP recipient purchases food using his/her EBT card, JPMorgan electronically debits the EBT account of the food stamp recipient in the amount of the food purchased. Within a few days, the store/retailer's bank account is credited by JPMorgan in an amount equal to the aggregate value of all SNAP transactions completed within that time frame. JPMorgan subsequently is reimbursed by the State of Alaska for the SNAP benefits issued to the retailers. The State of Alaska, in turn, is then reimbursed by the FNS.

A SNAP recipient's use of an EBT card at an EBT machine to redeem benefits results in an interstate wire communication. Specifically, when an

EBT machine is used in Alaska to redeem food stamp benefits, that machine sends a wire signal to a computer in another state in order to complete the transaction.

## THE SCHEME AND ARTIFICE TO DEFRAUD

1. The essence of the scheme and artifice to defraud was for AYUB YUSUF EPRAHIN to fraudulently obtain money and property by allowing individuals to trade their SNAP benefits for cash instead of eligible food.

## MANNER AND MEANS

2. It was part of the scheme to defraud that AYUB YUSUF EPRAHIN owned and operated AFRICA & MIDDLE EASTERN MARKET ("AMEM"), 719 E. 15th Avenue, Anchorage, Alaska.

It was further part of the scheme to defraud that AYUB YUSUF EPRAHIN completed paperwork seeking authorization from the USDA and the FNS for AMEM to participate in the SNAP program, which included notice that SNAP benefits could not be traded for cash.

It was further part of the scheme to defraud that AYUB YUSUF EPRAHIN allowed SNAP recipients to trade their SNAP benefits for cash, instead of eligible food purchases.

It was further part of the scheme to defraud that, when AYUB YUSUF EPRAHIN permitted SNAP recipients to redeem their benefits for cash, he charged customers a portion of the value of the SNAP benefits redeemed, thereby retaining a portion of the value of the illegally-redeemed SNAP benefits.

It was further part of the scheme to defraud that, when AYUB YUSUF EPRAHIN permitted SNAP recipients to redeem their benefits for cash, he used, or caused others to use, the EBT machines at AMEM to debit the SNAP recipients' accounts.

It was further part of the scheme to defraud that, when AYUB YUSUF EPRAHIN used, or caused to be used, the EBT machines at AMEM to debit SNAP recipients' accounts, he thereby represented to the SNAP program that the benefits were being redeemed to purchase eligible food items.

It was further part of the scheme to defraud that AYUB YUSUF EPRAHIN knew that the SNAP benefits were not actually being redeemed to purchase eligible food items, and that he intended to deceive and defraud the SNAP program.

It was further part of the scheme to defraud that AYUB YUSUF EPRAHIN redeemed over $335,000 in fraudulent SNAP transactions.

5

The Grand Jury charges that:

## COUNTS 1-15
### (Wire Fraud)

3.  Beginning in July 2011, and continuing until on or after February 1, 2013, at Anchorage, within the District of Alaska, and elsewhere, AYUB YUSUF EPRAHIN devised and intended to devise a scheme and artifice to defraud and obtain money and property by means of materially-false and fraudulent pretenses, representations, promises, and the concealment of material facts.

### EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

On or about the date set forth below, at Anchorage, Alaska, and elsewhere, within the District of Alaska, AYUB YUSUF EPRAHIN, having devised the above-described scheme and artifice, for the purpose of executing this scheme and artifice, did knowingly transmit and cause to be transmitted by wire communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds, to wit:

| Count | Date | Sender | Wire Transmission |
|---|---|---|---|
| 1 | November 19, 2012 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX2415 for $145.00 from the State of Alaska |

6

|   |   |   | to another state |
|---|---|---|---|
| 2 | November 21, 2012 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX2415 for $91.00 from the State of Alaska to another state |
| 3 | January 1, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX5087 for $230.72 from the State of Alaska to another state |
| 4 | January 1, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX5034 for $204.96 from the State of Alaska to another state |
| 5 | January 1, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX2725 for $304.98 from the State of Alaska to another state |
| 6 | January 1, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX5376 for $203.99 from the State of Alaska to another state |
| 7 | January 1, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX0533 for $239.00 from the State of Alaska to another state |
| 8 | January 1, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX9683 for $239.00 from the State of Alaska to another state |
| 9 | January 1, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX5664 |

|    |                 |      |                                                                                                                            |
| -- | --------------- | ---- | -------------------------------------------------------------------------------------------------------------------------- |
|    |                 |      | for $250.00 from the State of Alaska to another state                                                                      |
| 10 | January 2, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX8352 for $303.99 from the State of Alaska to another state        |
| 11 | January 2, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX8754 for $102.93 from the State of Alaska to another state        |
| 12 | January 2, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX3683 for $200.00 from the State of Alaska to another state        |
| 13 | January 2, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX4252 for $240.50 from the State of Alaska to another state        |
| 14 | January 2, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX3027 for $104.50 from the State of Alaska to another state        |
| 15 | January 2, 2013 | AMEM | SNAP benefit EBT transaction involving card XXXXXXXXXXXX2866 for $266.50 from the State of Alaska to another state        |

All in violation of Title 18, United State Code, Sections 1343 and 2.

//

## COUNTS 16-25
(SNAP Benefit Fraud)

On or about the dates listed below, at Anchorage, in the District of Alaska, AYUB YUSUF EPRAHIN used, transferred, acquired, and possessed benefits, as that term is defined in Title 7, United States Code, Section 2012(d), having an aggregate value of $100 or more, in a manner that he knew was contrary to Title 7, United States Code, Chapter 51 and regulations issued pursuant thereto, in that the benefits were exchanged for cash and/or non-eligible food items, and not used to purchase eligible food.

| **Count** | **Date** | **EBT Card Number** | **Amount of Food** |
|---|---|---|---|
| 16 | November 19, 2012 | XXXXXXXXXXXX2415 | $145.00 |
| 17 | January 1, 2013 | XXXXXXXXXXXX5087 | $230.72 |
| 18 | January 1, 2013 | XXXXXXXXXXXX5034 | $204.96 |
| 19 | January 1, 2013 | XXXXXXXXXXXX2725 | $304.98 |
| 20 | January 1, 2013 | XXXXXXXXXXXX5376 | $203.99 |
| 21 | January 1, 2013 | XXXXXXXXXXXX0533 | $239.00 |
| 22 | January 1, 2013 | XXXXXXXXXXXX9683 | $239.00 |
| 23 | January 1, 2013 | XXXXXXXXXXXX5664 | $250.00 |
| 24 | January 2, 2013 | XXXXXXXXXXXX8352 | $303.99 |

| 25 | January 2, 2013 | XXXXXXXXXXXX4252 | $240.50 |

All in violation of Title 7, United States Code, Section 2024(b) and Title 18, United States Code, Section 2.

CRIMINAL FORFEITURE ALLEGATION 1

A. Counts 1 Through 15

Upon conviction of one or more of the offenses alleged in Counts 1 through 15 of this Indictment, AYUB YUSUF EPRAHIN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses including but not limited to $42,489.44 in funds seized from Credit Union 1 Account No. ending in xx2326.

B. Counts 16 through 25

Upon conviction of one or more of the offenses alleged in Counts 16 through 25 of this Indictment, AYUB YUSUF EPRAHIN shall forfeit to the United States, pursuant to Title 7, United States Code, Section 2024(f), all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of the offense, and all proceeds

10

traceable to the offenses including but not limited to $42,489.44 in funds seized from Credit Union 1 Account No. ending in xx2326.

C.     Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant,

   1.   cannot be located upon the exercise of due diligence;

   2.   has been transferred or sold to, or deposited with, a third party;

   3.   has been placed beyond the jurisdiction of the Court;

   4.   has been substantially diminished in value; or

   5.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek the forfeiture of any other property of the Defendants up to the value of the above-described forfeitable property.

//

//

11

Case 3:13-cr-00121-TMB-DMS   Document 2   Filed 11/21/13   Page 11 of 12

All pursuant to 7 U.S.C. § 2024(f), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL.

<u>s/ Grand Jury Foreperson</u>
GRAND JURY FOREPERSON


<u>s/ Steven E. Skrocki</u>
STEVEN E. SKROCKI
United States of America
Assistant U.S. Attorney


<u>s/ Karen L. Loeffler</u>
KAREN L. LOEFFLER
United States of America
United States Attorney


DATE: <u>11/20/13</u>